**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNNOVA ENERGY CORPORATION, *et al.*, | ) | Case No. 25-90160 (ARP) |
| | ) | |
| Debtors. | ) | |
| | ) | |
| PAMELA MCEACHERN | ) | Adv. Pro. No. 25-[_____] |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SUNNOVA ENERGY CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

---

## ADVERSARY COMPLAINT

---

Plaintiff, Pamela McEachern, files this adversary complaint against Defendant, Sunnova Energy Corporation, and pleads as follows:

*(JURY TRIAL DEMANDED)*

## **INTRODUCTION**

1.      This is a lender liability consumer adversary complaint brought against lender, Defendant, Sunnova Energy Corporation. This adversary complaint relates to Plaintiff, Pamela McEachern's, lease/purchase and financing of an improperly installed, non-functioning, home solar panel system. In the transaction at issue in this litigation, Lumio HX, Inc., ("LHX"), is the contractor-installer. Defendant, Sunnova Energy is the lessor/financer of this transaction.

2.      This case involves an illegal, non-permitted, home solicitation of the Plaintiff where seller-installer, LHX, sold the Plaintiff a 25.6 Kw Tesla photovoltaic solar system that it promised to install in a professional and workmanlike manner. Additionally, Sunnova Energy promised Plaintiff that she would enjoy the benefit of 36,775 kilowatt hours of energy production from her home solar system. However, years after the execution of this agreement, the installation of this solar system remains incomplete or otherwise improper, without delivering any meaningful electricity production.

3.      Plaintiff now understands LHX to have been a known bad actor in the home solar panel business, a fact about which Sunnova Energy either did know, or should have known. One of the central allegations of this adversary complaint is that LHX acted as an agent of Defendant Sunnova Energy, generally, and specifically in

connection with the in-home sale, and closed-circuit financing involved in the Pamela McEachern's consumer transaction.

4.     The fundamental basis for this adversary complaint is that LHX and their representatives acted negligently and deceptively during the illegal solicitation, sales, and installation process for the solar panel system and purchased by Pamela McEachern and financed by Sunnova Energy. This negligence resulted in a solar panel system that has never operated as promised and has failed to reduce Plaintiff's electricity bills.

5.     Despite these failures, Defendant, Sunnova Energy, as the lender for the transaction and the principal to its agent, LHX, unreasonably continues to demand payment from Pamela McEachern.

6.     Defendant, Sunnova Energy, as the exclusive lender and principal to LHX, bears derivative liability for the deceptive practices, negligence, and misrepresentations committed by LHX. These wrongful actions have caused significant economic and emotional distress to Plaintiff, who continues to incur financial injury.

7.     Additionally, Sunnova Energy conspired with LHX to deceive and defraud Plaintiff by concealing the true cost of the solar system installation, and its financing, at issue in this dispute. Sunnova Energy subcontracted out the installation work of this project to LHX for a lesser price than the system price that it charged

Plaintiff. If Plaintiff had the option to purchase from LHX directly, and without having to go through the Sunnova Energy financing program, she would have paid a lower price. This is an unreasonable and unfair business practice on the part of Sunnova Energy, where the difference in the represented system price to the Plaintiff and the price that Sunnova Energy pays to subcontract out this work functions as a de facto "dealer fee"[1] in these transactions.

8.      This adversary complaint involves Pamela McEachern's home located at 1170 Larchmont Dr Englewood, Florida 34223.

9.      This adversary complaint pleads the following causes of action under Florida and federal law: (1) breach of contract (seeking the remedy of rescission of contract, or in the alternative, money damages); (2) violations of the Florida Deceptive and Unfair Trade Practices Act (FDUPTA); (3) breach of the duty of good faith and fair dealing; and (4) negligence – construction defects.

## JURISDICTION AND VENUE

10.     This is an adversary proceeding under Rule 7001 of the Federal Rules of Bankruptcy Procedure. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(K). Consistent with Rule 7008 of the Bankruptcy Rules and Rule

---

[1] A dealer fee is a fee that finance companies charge solar installers to sell their loans or financing options. These fees can currently range from 20% to 40% which inflates the cost of the solar system for the consumer and is hidden in the transaction documents.

7008-1 of the Bankruptcy Local Rules for the Southern District of Texas, the Plaintiff consents to the entry of final orders or a final judgment by this Court in this adversary proceeding.

11.     The Court has "related to" jurisdiction under section 1334(b) of title 28 of the United States Code. The Court has "related to" jurisdiction based upon the tort claims and relief sought against Sunnova Energy, a debtor in this bankruptcy proceeding.

12.     Venue in this district is proper under to 28 U.S.C. §§ 1408.

13.     However, this dispute is subject to a binding arbitration clause. Plaintiff reserves the right to move this Court to refer this dispute to JAMS arbitration.

## PARTIES

14.     Plaintiff, Pamela McEachern, is a resident of Sarasota County, Florida.

15.     Defendant, Sunnova Energy Corporation, is a Delaware limited liability company.

16.     Plaintiff brings her claims against Sunnova Energy in its capacity as the lender and holder of a consumer credit contract issued for the sale and installation of a solar panel system at her residence. This is a lender liability action.

17.     Under the FTC Holder in Due Course Rule and Florida principal-agency law, Sunnova Energy is derivatively liable to Plaintiff for all the wrongful

and tortious acts and omissions of its agent, LHX, associated with the solar panel transaction at issue in this case.

18. Further, Sunnova Energy is directly liable for its own fraud and dishonesty in lending as it relates to the hidden, non-disclosed, finance charges packaged into the LHX solar system sales price and kicked back to Sunnova Energy via their subcontractor shell game relationship.

## FACTS

19. On or about November 10, 2023, a sales representative of LHX, initiated contact with Plaintiff, Pamela McEachern, at home in Florida. LHX initiated this in-home sales solicitation without the required permit in violation of Florida Statute 501.021-22.

20. "So, violation of 501.021 would likely render a contract voidable, allowing the buyer to rescind," *Spence, Payne, Masington & Grossman, P.A. v. Philip M. Gerson, P.A.*, 483 So. 2d 775, (Fla. 3d DCA 1996). "Under Florida law, contracts are voidable if they violate a statute or public policy, lack consideration, certainty, or mutuality, or contain harsh or unconscionable provisions," (1 Florida Torts § 28.03 (2023)).

21. The Solar Sales representative presented a proposal for a solar panel system that promised to eliminate Pamela McEachern's monthly electrical bills and provide substantial financial savings.

22. LHX is the seller-installer of the solar panel system at issue in this proceeding.

23. Sunnova Energy is the consumer fintech lender in this transaction. Plaintiff financed the lease/purchase and installation of the solar panel system through a 25-year lease (that is, in substance, a loan or in Florida, a "retail installment contract") issued by Sunnova Energy that would cleverly allow them to benefit from the federal tax credits available for renewable energy purchases intended for the benefit of consumers but instead misappropriated by these quasi-banks to themselves.

24. Sunnova Energy and LHX sold Plaintiff a home solar system for $397.32 per month for the first year. Following the first year, the monthly payments increased to $412.32 per month.

25. The sales pitch for this sale was Sunnova Energy and LHX's promise to Plaintiff that the installation of this home solar system would eliminate her monthly electricity bills.

26. Although Sunnova Energy and LHX promised Plaintiff a solar system that would pay for itself, she has been burdened with a financial commitment of 25-years of payments for a system that does not function.

27. The shocking and unconscionable total price system price for this 25-year transaction is $176,068.44.

28.     LHX is responsible for the installation of a 25.6 kW home solar system, including multiple solar panels and inverters at Plaintiff's home.

29.     A few months after the execution of the solar sales and installation agreement, LHX finally performed its installation at the Plaintiff's home.

30.     LHX performed this installation incorrectly, improperly, and unreasonably carelessly. This work was performed so improperly that Plaintiff's electrical utility costs have not been lowered.

31.     Plaintiff has constantly contacted LHX by text, phone, and email. Nothing as far as solar production has been resolved since installation. This is due to LHX's careless failure to honestly calculate Plaintiff's home energy usage.

32.     To this day, the solar system has never functioned properly or produced any energy savings.

33.     LHX, while acting within the scope of its agency to Sunnova Energy, made numerous fraudulent, misleading, and deceptive representations to Plaintiff including:

a.) That the solar system would eliminate her monthly electric bill; and;

b.) That the system would provide immediate financial savings and allow for the resale of excess energy.

34. Based on these representations, Plaintiff entered a contract with LHX for the purchase and installation of the solar system and financed the project through a 25-year "lease" from Sunnova Energy.

35. None of the representations made by LHX, and reasonably relied upon by Plaintiff, came to fruition. Plaintiff has not experienced the promised financial savings, continues to pay her electric bills, and remains burdened by the costs of a defective and incomplete solar system.

36. The fraudulent or negligent actions of LHX and Sunnova Energy have caused extensive harm to Plaintiff.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

37. The allegations of paragraphs 1-36 are incorporated here.

38. LHX, acting as agent of Sunnova Energy, materially breached its contract with the Plaintiff by failing to install a solar panel system that functions.

39. LHX promised Plaintiff that she would have 25.6 kW electricity-producing solar panels installed at her home. This did not occur.

40. LHX promised Plaintiff the delivery of a home solar system that would produce 36,774.90 Kilowatts of electricity annually. This did not occur.

41. Under the FTC's Holder in Due Course Rule, Florida state principal-agency law, and language in the Sunnova Energy financing contract, Sunnova Energy is liable to Plaintiff for the breaches of contract of its agent, LHX.

42. As a result of LHX's material breaches of contract, for which Sunnova Energy is derivatively liable, Plaintiff is entitled to recover against Sunnova Energy for the cause of action, breach of contract.

43. Plaintiff elects the remedy of rescission of the contract for this breach of contract. In the alternative, Plaintiff demands for money damages (if, and only if, his request for rescission as the proper remedy for this claim is denied). Only a complete unwinding of this transaction will make Plaintiff whole.

44. Plaintiff demands rescission of the Sunnova Energy loan agreement and a refund of all monies paid under it, along with an award of pre-and post-judgment interest, costs, and all reasonable attorneys' fees incurred in this dispute.

### SECOND CAUSE OF ACTION
**(Violations of the Florida Deceptive and Unfair Trade Practices Act (FDUPTA) FLA. STAT. 501.201)**

45. The allegations of paragraphs 1-36 are reincorporated.

46. LHX and Sunnova Energy made material misrepresentations to Plaintiff that were false and misleading. LHX made false representations about the functioning and power generation that the solar system it sold to Plaintiff would provide. Meanwhile, both LHX and Sunnova Energy made knowingly false

statements to Plaintiff, upon which he reasonably relied, about the real system price to be assessed in this consumer transaction.

47.     A consumer's claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.

48.     The illegal, high-pressure sales tactics and material misrepresentations made by LHX and Sunnova Energy to Plaintiff constitute deceptive acts or unfair practices under FDUTPA.

49.     The sale and installation of a defective solar panel system, accompanied by multiple misrepresentations about the true solar system price, constitute deceptive acts or unfair practices under FDUTPA.

50.     The false promises made by LHX that the solar panel system would eliminate Plaintiff's electric bills and provide substantial financial savings constitute deceptive acts or unfair practices under FDUTPA.

51.     The guarantees of quality workmanship free of defects, as well as assurances that any property damage caused during installation would be repaired, also constitute deceptive and unfair business practices.

52.     LHX illegally, unfairly and deceptively solicited Plaintiff's business by promoting the purchase and installation of equipment to supposedly improve energy savings, none of which has reduced her electricity bills.

53. These unfair and deceptive trade practices induced Plaintiff's reliance on these false promises.

54. Sunnova Energy deceptively hid program dealer fees in the loan total presented to Plaintiff, instead lying and packaging these hidden finance charges into the "sale price" of the solar system. These lies constitute deceptive and unfair business practices under FDUPTA.

55. These representations were material to Plaintiff's decision to enter the contract.

56. Plaintiff was unaware of the falsity of these representations.

57. The representations were relied upon by Plaintiff, who was unaware of their falsity.

58. Plaintiff had a right to rely on these representations and did, in fact, reasonably rely on them to her detriment, ultimately purchasing and financing the defective solar system in question.

59. Under the FTC's Holder in Due Course Rule, Florida state principal-agency law, and language in the Sunnova Energy loan contract, Sunnova Energy is liable to Plaintiff for the misrepresentations and deceptive acts committed by its agent, LHX. Sunnova Energy is directly liable to Plaintiff for its own dishonesty in lending, as detailed in this pleading.

60.     Plaintiff is entitled to recover against Sunnova Energy all actual damages, attorneys' fees, and rescission of her loan and all transaction documents associated with the underlying home solar transaction.

## THIRD CAUSE OF ACTION
### (Breaches of the Duty of Good Faith and Fair Dealing)

61.     The allegations of paragraphs 1-36 are reincorporated.

62.     Every contract under Florida law carries with it the duty of good faith and fair dealing.

63.     Sunnova Energy is derivatively liable to Plaintiff for the false promises of its agents, LHX, regarding the solar system's performance and the true system price (caused by the Sunnova Energy subcontract-everything business model).

64.     Sunnova Energy is directly liable to Plaintiff for the breaches of the duty of good faith and fair dealing that it has committed against her regarding the hidden subcontractor finance fees. These direct breaches of good faith and fair dealing on the part of Sunnova Energy stem from the fraudulently inflated solar system "sales price" for this transaction.

65.     Plaintiff makes demands for all her actual damages, rescission of transaction documents, punitive damages, attorneys' fees, costs, and pre-and-post judgment interest allowed by law for this breach of the duty of good faith and fair dealing cause of action.

## FOURTH CAUSE OF ACTION
### (Negligence / Gross Negligence – Construction Defects)

66.    The allegations of paragraphs 1-36 are reincorporated.

67.    LHX, as agent of Sunnova Energy, installed the solar panel system at Plaintiff's residence in a careless and substandard manner.

68.    Sunnova Energy is derivatively liable for these breaches of the standard of care that its agent, LHX, has committed.

69.    Sunnova Energy is derivatively liable for the damage caused by these breaches of the standard of care by its agents. These damages include the lack of energy savings and property damage.

70.    Plaintiff demands judgment for all actual damages, rescission of transaction documents, attorneys' fees, costs, and pre-and post-judgment interest allowed by law for this negligence (construction defects) cause of action.


Respectfully Submitted,

The Joshua S. Horton Law Firm, PA
d/b/a Legal Rebels Law

*/s/ Joshua S. Horton*
The Joshua S. Horton Law Firm, PA
Attorney for Adversary Plaintiff
107 Pond Apple Lane # 102
Jupiter, FL 33458
561-440-5211 - Telephone
561-584-5212 – Facsimile
Email: josh@joshuahortonlaw.com

Florida Bar No: 1009130

and

*/s/ Macy D. Hanson*
MACY D. HANSON
Miss. Bar # 104197
macy@macyhanson.com
The Law Office of Macy D. Hanson
102 First Choice Drive
Madison, Mississippi 39110
Telephone: (769) 567-1934
Facsimile: (601) 853-9327